IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Kendall A. Jackson,

                Plaintiff,        Case No. 1:18-cv-00433

v.                                      Michael L. Brown
                                             United States District Judge

MC Express, Inc., et al.,

                Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Non-Final Report and Recommendation ("R&R"). (Dkt. 28). The R&R recommends that the Court grant Defendant Radiant Logistics' Motion to Dismiss (Dkt. 4), deny Defendant MC Express's Motion to Dismiss, Alternatively Motion to Prohibit Use of Pleadings (Dkt. 23), and grant Defendant MC Express's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 26).

When reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and

recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Shultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). Absent proper objections, the Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## I.  Background

On January 29, 2018, Plaintiff Kendall Jackson filed his complaint, alleging that his employer, Defendant MC Express, discriminated against him based on race. *See* Dkt. 1. Plaintiff further alleges that Defendant MC Express retaliated against him when he filed an EEOC charge, and that Defendant MC Express wrongfully terminated his employment. *Id*. Plaintiff claims that Defendant MC Express's conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. *Id*. Plaintiff also names Radiant Logistics as a defendant, asserting that Defendant Radiant is the "parent company" of Defendant MC Express. Dkt. 1 at 9.

On March 6, 2018, Defendant Radiant filed a motion to dismiss Plaintiff's claims against it, arguing that Plaintiff fails to state a claim

against it and Plaintiff fails to allege sufficient facts to support a prima facie case of personal jurisdiction over it. (Dkt. 4). The next day, Defendant MC Express filed its answer to the complaint. (Dkt. 5). Because of some uncertainty over whether Defendants properly served their responses to the complaint on Plaintiff via U.S. Mail, the Magistrate Judge entered an order directing Defendants to mail Plaintiff a copy of every pleading and motion that Defendants file – via U.S. Mail and email. (Dkt. 8). And the Court allowed Plaintiff additional time to respond to Defendant Radiant's motion to dismiss. *Id*.

On May 4, 2018, Plaintiff filed an amended complaint, without Defendants' consent and without leave of court. (Dkt. 20). On May 11, 2018, Defendant MC Express filed a motion to dismiss, alternatively, motion to prohibit use of pleadings. (Dkt. 24). In that motion, Defendant MC Express sought dismissal of Plaintiff's complaint because Plaintiff failed to comply with certain filing deadlines set forth in the federal and local rules.[1] (Dkt. 23). Defendant MC Express further argued that if the Court did not dismiss the entire complaint, it should prohibit the use of

---

[1] Defendant MC Express points to the fact that Plaintiff did not timely file his Preliminary Report and Discovery Plan or his Initial Disclosures. Dkt. 23-1 at 3.

Plaintiff's untimely filings. *Id.* Plaintiff responded to Defendant's motion on May 14, 2018. (Dkt. 25).

On May 15, 2018, Defendant MC Express filed a motion to dismiss Plaintiff's amended complaint because Plaintiff could not amend as of right, and Plaintiff failed to obtain either the Court's leave to amend or Defendants' consent to file the amended complaint. (Dkt. 26).

On May 31, 2018, that Magistrate Judge recommended that the Court grant Defendant Radiant's motion to dismiss (Dkt. 4), deny Defendant MC Express's motion to dismiss, alternatively motion to prohibit use of pleadings (Dkt. 23), and grant Defendant MC Express's motion to dismiss Plaintiff's amended complaint (Dkt. 26). (Dkt 28). On June 12, 2018, Plaintiff filed objections to the R&R. (Dkt. 33). In his objections, Plaintiff challenges the Magistrate Judge's conclusion that Defendant MC Express and Defendant Radiant did not act as joint employers. *Id.* For the reasons set forth below, the Court adopts the Magistrate Judge's R&R.

II. Analysis

    *i.* ***Defendant Radiant's Motion to Dismiss***

Defendant Radiant moved to dismiss the claims against it, under Rule 12(b)(6) and 12(b)(1), for failure to state a claim and for lack of personal jurisdiction. (Dkt. 4). In its motion, Defendant Radiant argues that because the complaint contains little-to-no factual allegations against it, Plaintiff has failed to plausibly state a claim for relief. Dkt. 4-1 at 2-5. Further, Defendant Radiant contends that Plaintiff's complaint fails to allege sufficient facts to support personal jurisdiction over it. *Id.* at 5-6.

In the R&R, the Magistrate Judge noted – correctly – that the complaint does not contain any "factual allegations whatsoever concerning discriminatory or retaliatory conduct by Radiant or its employees, nor does it allege that any unlawful conduct occurred on Radiant property." Dkt. 28 at 13. Further, the Magistrate Judge recognized that "Plaintiff does not allege that he had any contact with Radiant regarding his employment or any other matter while he was still employed with MC Express." *Id.* Plaintiff only alleges that Defendant Radiant is Defendant MC Express's parent company. *Id.* (citing Dkt. 1 at 9).

In the light of Plaintiff's failure to plead any facts to suggest that Radiant employed Plaintiff – or acted as a joint employer with Defendant MC Express – the Magistrate Judge recommended dismissing Plaintiff's claim against Defendant Radiant for failure to "allege a plausible claim that Radiant was his employer." Dkt. 28 at 15. In his objections, Plaintiff argues that Defendant Radiant was, in fact, his joint employer with Defendant MC Express. *See* Dkt. 33. Specifically, Plaintiff contends that Defendant Radiant Logistics performs human-resources services, as well as technical and training services, for Defendant MC Express. *Id*. Although the facts identified in Plaintiff's objections may be relevant to the joint-employer analysis if pled in the complaint, they are not. And, as it stands, Plaintiff's complaint does not contain facts sufficient to state a claim against Defendant Radiant as Plaintiff's employer under Title VII. Thus, the Magistrate Judge correctly recommended that the Court grant Defendant Radiant's Rule 12(b)(6) motion.

Moreover, the Magistrate Judge also correctly found that "Plaintiff has failed to meet his burden of alleging sufficient facts to support personal jurisdiction over Radiant." Dkt. 28 at 15. The Court agrees with the Magistrate Judge's conclusion because Plaintiff has failed to allege

any facts to show that Defendant Radiant – a Washington company – has contacts with Georgia that establish a prima facie case of personal jurisdiction over Radiant. Thus, dismissal of Plaintiff's claims against Defendant Radiant is also appropriate under Rule 12(b)(1) for lack of subject-matter jurisdiction.[2]

> ### ii. *Defendant MC Express's Motion to Dismiss, Alternatively Motion to Prohibit Use of Pleadings*

Defendant MC Express moves to dismiss Plaintiff's complaint under Rule 41(b), arguing that Plaintiff's late filings amount to a failure to comply with an order of the court such that dismissal is appropriate. (Dkt. 37). Defendant MC Express further asks the Court to prohibit Plaintiff's use of his late-filed pleadings under Rule 37(c)(1). *Id.* The Magistrate Judge concluded, however, that Defendant MC Express has not established a "clear record of delay or willful contempt" such that dismissal under Rule 41(b) would be warranted. Dkt. 28 at 22. Further, the Magistrate Judge found that Defendant MC Express's alternate motion under Rule 37(c)(1) should be denied because none of Plaintiff's

---

[2] If Plaintiff wishes to amend his complaint to include the factual allegations against Defendant Radiant set forth in his objections to the R&R, he must follow the proper procedures for doing so, which are clearly set forth on pages 23-25 of the R&R. *See* Dkt. 28 at 23-25.

late filings required Defendants to reply, and thus Plaintiff's late filings did not prejudice Defendants. *Id.* at 22. Defendant MC Express did not object to the R&R. And the Court agrees with the Magistrate Judge's conclusion that denial of Defendant MC Express's motion to dismiss is appropriate, for the reasons set forth in the R&R.

### iii. *Defendant MC Express's Motion to Dismiss Plaintiff's Amended Complaint*

Defendant MC Express also moves to dismiss Plaintiff's amended complaint because Plaintiff did not file it in accordance with the procedures set forth in Fed. R. Civ. P. 15. (Dkt. 26). The Magistrate Judge correctly points out that Plaintiff filed his amended complaint without leave of court, without written consent of Defendants, and after the period in which Plaintiff could amend as of right. Dkt. 28 at 23. Thus, per the federal rules and local rules, Plaintiff was required to file a motion to amend the complaint, "stating with particularity the grounds for seeking [to amend]" and either attaching a proposed amended complaint or explaining the substance of the amendment. *See id.* at 23-25. Because Plaintiff failed to file a proper motion for leave to amend his complaint, the Magistrate Judge correctly concluded that Defendant MC

8

Express's motion to dismiss the amended complaint should granted, and that the amended complaint (Dkt. 20), should be stricken.

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. (Dkt. 28). Accordingly, the Court **GRANTS** Defendant Radiant Logistics' Motion to Dismiss (Dkt. 4), **DENIES** Defendant MC Express's Motion to Dismiss, Alternatively Motion to Prohibit Use of Pleadings (Dkt. 23), and **GRANTS** Defendant MC Express's Motion to Dismiss Plaintiff's Amended Complaint. Thus, the Court **ORDERS** that the Amended Complaint (Dkt. 20) be **STRICKEN** from the record.

**IT IS SO ORDERED.**

Dated: June 27, 2018
Atlanta, Georgia

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE